Robert W. CARY, M.D., Petitioner,

v.

Mitch ALFORD, Respondent.

No. 05–1018.

Supreme Court of Texas.

Sept. 22, 2006.

Wayne Clawater, Stephen R. Bailey, Allison Standish Miller, Cruse, Scott, Henderson & Allen, L.L.P., Houston, for Petitioner.

Steven B. Thorpe, Carla S. Hatcher, Thorpe, Hatcher & Washington, L.L.P., Dallas, for Respondent.

PER CURIAM.

The issue in this combined bill-of-review and medical-malpractice appeal is whether the defendant's affidavit was sufficient to establish that his failure to answer was an accident rather than conscious indifference. The trial court held that it was, set aside a default judgment for $1,951,188.00, and granted a new trial. Two years later, the trial court granted summary judgment for the defendant.

The Twelfth Court of Appeals reversed, holding that the defendant's bill-of-review affidavit was conclusory. —— S.W.3d ——, 2005 WL 2665442. We recently clarified the standard of review when service papers are lost. *See Fidelity and Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575–76 (Tex.2006) (per curiam).

Accordingly, without hearing oral argument, we grant the petition for review without reference to the merits, vacate the court of appeals' judgment, and remand this case to that court to reconsider this issue in light of our recent decision. *See* Tex.R.App. P. 59.1, 60.2(f).